FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SALINA SAVAGE, qui tam as Relator; and SAVAGE LOGISTICS LLC, qui tam as Relator,<br><br>             Plaintiffs,<br><br>             v.<br><br>CH2M HILL PLATEAU REMEDIATION COMPANY; PHOENIX ENTERPRISES NORTHWEST LLC (PENW); PHOENIX-ABC A JOINT VENTURE; ACQUISITION BUSINESS CONSULTANTS; JONETTA EVERANO; JESSICA MORALES; DOES I–IX; INDIAN EYES LLC; and ROXIE SCHESCKES,<br><br>             Defendants. | No.   4:14-CV-05002-SMJ<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT** |

Before the Court, without oral argument, is Relator Salina Savage's Motion for Leave to Amend Complaint Under Fed. R. Civ. P. 15, ECF No. 190. Savage seeks to amend the Second Amended Complaint, ECF No. 160, to (1) remove claims relating to Cavanagh Services Group Inc.'s ("Cavanagh") status as a Historically Underutilized Business Zone ("HUBZone") small business, and

ORDER GRANTING LEAVE TO AMEND COMPLAINT **-** 1

(2) make additional corrections. Savage and Defendant CH2M Hill Plateau Remediation Company ("CH2M") stipulate to the first set of proposed amendments but dispute the second set. ECF No. 189 at 2; ECF Nos. 190, 196, 199. The remaining Defendants have not responded to Savage's motion. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants Savage's motion.

Federal Rule of Civil Procedure 15(a)(2) provides that a party seeking to amend a pleading after the deadline to do so as a matter of course has passed, may do so "only with the opposing party's written consent or the court's leave." The rule instructs that the Court "should freely give leave when justice so requires." *Id.* The Court must apply this policy with "extreme liberality." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960); *accord Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 881 F.3d 1078, 1099 (9th Cir. 2018).

The Court may deny a party leave to amend a pleading "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the

opposing party carries the greatest weight." *Id.* (alteration in original) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). And "[t]he mere fact that an amendment is offered late in the case . . . is not enough to bar it." *Id.* at 1118 (alteration and omission in original) (quoting *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)).

CH2M argues Savage's motion "grossly mischaracterizes the facts and alleged reasoning for her request for amendment." ECF No. 196 at 2. It argues the blame for any misunderstanding on whether CH2M awarded a HUBZone subcontract to Cavanagh, or whether CH2M took any HUBZone credit for Cavanagh under its Small Business Subcontracting Plan, lays entirely with Savage because she failed to adequately investigate her claims before filing them. *Id.* CH2M argues "Savage's litigation history does not support granting any further motions to amend in this matter" because "the last time Savage was granted leave to amend (her second request) she added . . . claims that she now concedes were baseless when asserted." *Id.* at 3–4. CH2M emphasizes the cost it incurred defending against Savage's claims relating to Cavanagh's HUBZone status.

CH2M focuses exclusively on Savage's request to remove claims relating to Cavanagh's HUBZone status—proposed amendments to which CH2M has already stipulated. ECF No. 189 at 2; ECF No. 196 at 2–4. Thus, CH2M ignores the substance of Savage's other proposed amendments, which make additional

corrections that appear mostly clerical in nature. CH2M does not argue Savage's proposed amendments would cause new prejudice or endorse some undue delay, bad faith, or dilatory motive. CH2M does not argue Savage's proposed amendments would be futile. Instead, CH2M emphasizes its displeasure with Savage's prior amendments. But CH2M has not presented "strong evidence" to justify denying Savage leave to make additional corrections that appear mostly clerical in nature. *See Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1117.

Accordingly, **IT IS HEREBY ORDERED**:

1. Relator Salina Savage's Motion for Leave to Amend Complaint Under Fed. R. Civ. P. 15, **ECF No. 190**, is **GRANTED**. As part of this ruling, the parties' Stipulation to Amend Salina Savage's Second Amended Complaint Only as to the Removal of the Cavanagh Related Claims Against CHPRC, **ECF No. 189**, is **ACKNOWLEDGED**.

2. Relator Salina Savage shall file an amended complaint consistent with ECF No. 190-1 no later than **November 28, 2018**.

3. In light of the changed pleadings, Defendants Indian Eyes LLC and Roxie Schescke's motion to dismiss, **ECF No. 174**, and Defendant CH2M Hill Plateau Remediation Company's motion to dismiss, **ECF No. 187 (except the request for attorney fees and expenses on pages 28 and 29)**, are **DENIED AS MOOT**, and all dates and deadlines

associated with those motions are **STRICKEN** except as outlined above. Defendants may file dispositive motions any time before the applicable deadline.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge