FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel by Salina Savage and Savage Logistics LLC, SALINA SAVAGE, qui tam as Relator, and SAVAGE LOGISTICS LLC, qui tam as Relator,<br><br>Plaintiffs,<br><br>v.<br><br>CH2M HILL PLATEAU REMEDIATION COMPANY, PHOENIX ENTERPRISES NORTHWEST LLC (PENW), PHOENIX-ABC A JOINT VENTURE, AQUISTION BUSINESS CONSULTANTS, JONETTA EVERANO, JESSICA MORALES, DOES I-IX, INDIAN EYES LLC, and ROXIE SCHESCKES,<br><br>Defendants. | No. 4:14-cv-05002-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** |

Before the Court, without oral argument, is Plaintiff's Motion to Compel, ECF No. 235. Plaintiff moves the Court to issue an order compelling Defendant CH2M Hill Plateau Remediation Company ("CHPRC") to provide new responses to thirteen Requests for Admission Plaintiff propounded, or in the alternative for

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 1

the Court to order that the matters raised in the Requests for Admission be deemed admitted. For the reasons that follow, the Court finds the disputed Requests were each improper under Federal Rule of Civil Procedure 36, and therefore that CHPRC did not act improperly by objecting and providing qualified responses. The Court also denies Plaintiff's request to propound additional Requests for Admission, finding she has failed to establish good cause to justify the request.

## BACKGROUND

Plaintiff brought suit under the False Claims Act, 31 U.S.C. § 3279(a)(1)(A), alleging Defendants intentionally misrepresented that various companies to which CHPRC awarded subcontracts were small businesses, thereby knowingly misrepresenting that CHPRC was in compliance with its contract with the U.S. Department of Energy and various statutes. *See generally* ECF No. 206. In discovery, Plaintiff propounded a total of fifteen Requests for Admission under Federal Rule of Civil Procedure 36 to CHPRC. *See* ECF No. 235 at 14–25. CHPRC responded, objecting to the Requests on a number of bases and, without waiving those objections, providing qualified answers. *Id.* Plaintiff disputed the validity of CHPRC's objections and qualified responses, and the parties conferred in an attempt to resolve the disagreement without the Court's intervention. *See* ECF No. 236 at 2. Plaintiff subsequently moved to compel CHPRC to provide amended answers, or in the alternative for the matters into which Plaintiff inquired to be

deemed admitted. *See* ECF No. 235 at 1–11. Plaintiff also moved for leave to propound an additional thirty Requests for Admission, in excess of the fifteen authorized by Local Civil Rule 36(c). *Id.* at 10.

## LEGAL STANDARD

Federal Rule of Civil Procedure 36(a)(1) permits a party to serve requests that any other party "admit . . . the truth of any matters within" the scope of discovery including "facts, the application of law to fact, or opinions about either," or "the genuineness of any described document." The responding party must admit the truth of the matter, "specifically deny it[,] or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). If necessary, a responding party may "qualify an answer or deny only a part of a matter," but must "specify the part admitted and qualify or deny the rest." *Id.* If a party lacks knowledge concerning the subject of inquiry it may decline to answer on that basis, but only after making "reasonable inquiry" if it finds "the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Objections must be stated expressly. Fed. R. Civ. P. 36(a)(5).

Requests for admission are intended only to narrow the issues in controversy for trial, and therefore "are not principally discovery devices." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2252, at 524–525). "It is well

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 3

settled that requests for admissions under Rule 36 of the Federal Rules of Civil Procedure are required to be simple and direct, and should be limited to singular relevant facts." *SEC v. Micro-Moisture Controls, Inc.*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957). Thus, "each matter must be separately stated," and a single Request "may not contain compound, conjunctive, or disjunctive (*e.g.*, 'and/or') statements." Fed. R. Civ. P. 36(a)(2); *United States ex rel. Englund v. Los Angeles Countty*, 235 F.R.D. 675, 684 (E.D. Cal. 2006). In other words, each Request must be phrased such that "it can be admitted or denied without explanation." *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (quoting Federal Practice and Procedure, *supra*, at § 2258). Though the proper use of Request for Admission may be narrow, "[p]arties may not view [them] as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936–37 (9th Cir. 1994) (citing William W. Schwarzer, *The Federal Rules, the Adversary Process, and Discovery Reform*, 50 U. Pitt. L. Rev. 703, 721 (1989)).

## DISCUSSION

**A.    Requests for Admission Nos. 1–4**

Requests for Admission Nos. 1 through 4 each asked CHPRC to admit that attached exhibits purporting to be certain documents were "a true and correct copy

of [the relevant document] Submitted by CHPRC on or about [a date]." ECF No. 235 at 15–17. CHPRC objected that each Request was improperly compound, seeking admission both of the genuineness of the relevant document *and* the fact of and the date on which the document was submitted. ECF No. 241 at 4–5. Nevertheless, "[s]ubject to and without waiving" its objections, CHRPC admitted that, for Requests Nos. 1 and 3, the exhibit was a genuine but truncated version of the described document, and for Requests Nos. 2 and 4, that the exhibit was a genuine version of the described document. ECF No. 235 at 15–18. Plaintiff contends CHPRC's responses were invalid and that each Request sought *only* an admission that each document was submitted "on or about the date set forth." ECF No. 235 at 7.

CHPRC's argument that Requests for Admission Nos. 1 through 4 are compound is well taken. For CHPRC to respond by simply admitting or denying each request would necessarily speak both to the genuineness of the attached document and the date on which it was purportedly submitted, both of which could conceivably be matters of significance in this litigation. Though Plaintiff now contends the sole issue with which each Request was concerned was the date on which the document was submitted, as CHPRC points out, "this is certainly not what the requests say." ECF No. 241 at 5. Indeed, read naturally, the primary subject of each Request is the genuineness of the attached document; the date on which

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 5

each document was submitted is mentioned only at the end of each Request. *See, e.g.*, ECF No. 235 at 15 ("Admit that Exhibit No. 1 is a true and correct copy of . . . Submitted by CHPRC on or about December 30, 2010."). Accordingly, the Court finds each of Requests for Admission 1 through 4 were compound in violation of Rule 36(a)(2) and cannot find CHPRC's responses were improper.

**B.     Requests for Admission Nos. 5–6**

Requests for Admission Nos. 5 and 6 each asked CHPRC to "Admit that [four exhibits] require[d] that" CHPRC comply with certain obligations. ECF No. 235 at 18–19. CHPRC objects that both Requests impermissibly sought admission of a conclusion of law—in other words, that use of the word "require" sought to have CHPRC admit the "existence or scope of particular legal obligations." ECF No. 241 at 5. Plaintiff, by contrast, contends each Request concerned the "application of law to fact," and were therefore appropriate under Rule 36(a)(1). ECF No. 235 at 8.

CHPRC's objection is, again, well-taken. A request for admission is not objectionable simply because it relates to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a). Therefore, it would be a permissible use of this discovery device for Plaintiff to seek CHPRC's admission that it engaged in a particular act or omission or that doing so violated a legal obligation. But the existence or scope of a legal obligation, including one that arises by virtue of a contract, is a question of law. *See Mendler v. Winterland Prod., Ltd.*, 207 F.3d 1119,

1121 (9th Cir. 2000) (citing *Confederated Tribes of Siletz Indians v. Oregon*, 143 F.3d 481, 484 (9th Cir. 1998); *Ziolkowski v. Landmark Am. Ins. Co.*, No. 8:09-CV-776-T-33TGW, 2011 WL 3715080, at *2 (M.D. Fla. Aug. 24, 2011); *cf Rumbaoa v. J. Rudnick & Sons, Inc.*, 863 F. Supp. 1193, 1195 (D. Haw. 1994) (quoting *Doe v. Grosvenor Properties*, 829 P.2d 512, 514–515 (Haw. 1992) (noting existence of legal obligation under state law is "entirely a question of law.").

Plaintiff appears to recognize that Requests Nos. 5 and 6 sought CHPRC's admission concerning the existence of a legal obligation created by the attached exhibits. *See* ECF No. 235 at 8 (arguing Request for Admission No. 5 "seeks an admission related to the clear directive in CHPRC's Small Business Subcontracting Plan as to how it is required to verify HUBZone status" and that CHPRC wrongly declined to "admit[] to the fact that HUBZone status had to be validated per the CCR and/or SAM databases."). Thus, rather than seeking CHPRC's admission regarding the *application* of a legal obligation to certain facts, Requests for Admission Nos. 5 and 6 asked CHPRC to admit that the contracts gave rise to legal obligations or opine as to the scope of those obligations. CHPRC's objections were therefore warranted, and the Court will not compel a revised response or order that the matters be deemed admitted.

C.  **Requests for Admission Nos. 7–8**

Requests for Admission No. 7 asked CHPRC to admit that, for a period of

three years, "Phoenix-ABC a Joint Venture was not listed as HUBZone by any of the sources required for verification or validation of HUBZone status in Request for Admissions No[s.] 5 or 6 above." ECF No. 235 at 19. Request for Admission No. 8 posed an identical inquiry concerning Indian Eyes over a period of four years. *Id*. at 20. CHPRC responded that it was unable to admit or deny the matter after making a good faith attempt to investigate whether the respective companies were present in the relevant databases during the timeframe in question, because it did not have access to the historical contents of those databases. *See id.*; ECF No. 241 at 6–7.

The Court finds nothing improper or objectionable in CHPRC's responses to either Request. As one district court described, though a responding party is obligated to make a "reasonable inquiry" before asserting lack of knowledge in response to a Request for Admission, the obligation to investigate "is limited to persons and documents within the responding party's control (*e.g.*, its employees, partners, corporate affiliates, etc.)." *Englund*, 235 F.R.D. at 685. "Because request for admissions can have dire consequences, the responding party's duty to obtain information is no broader than that owed in responding to interrogatories; *i.e.*, generally limited to obtaining information from persons and entities over which it has actual control." *Id*. On their faces, both Requests for Admission 7 and 8 sought to have CHPRC admit or deny whether a company was listed in a database at any time during a period of between three and four years nearly a decade ago. Plaintiff

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 8

makes no effort to argue this historical information was in the possession of CHPRC, its agents or affiliates, but rather argues that because Plaintiff was able to locate the information, CHPRC was obligated to undertake the same efforts. *See* ECF No. 245 at 4 ("[Plaintiff], prior to filing the TAC, was able to verify that Phoenix-ABC was never listed as HUBZone in the required databases, and that Indian Eyes was not in the required databases after September 2009."). CHPRC was under no obligation to do so, and its responses were not improper. *See Safeco of Am.*, 181 F.R.D. at 445 (observing Requests for Admission "are not principally discovery devices").

### D.     Requests for Admission Nos. 9–10

Requests for Admission Nos. 9 and 10 asked CHPRC to admit that Indian Eyes and Monarch Machine, respectively, "did not lose [their] HUBZone status due to information published in the 2010 Census as reported by CHPRC in" certain attached exhibits. ECF No. 235 at 21–22. As CHPRC correctly objected before responding with a qualified denial, each request sought admission of two matters: (1) that the relevant company did not lose its HUBZone status "due to" the 2010 Census, and (2) that CHPRC falsely reported information to the contrary in the attached exhibits. *Id.* Thus the matters into which Plaintiff were inquired were not "separately stated"—if CHPRC took issue with only one of the propositions in either Request, it would not have been possible to communicate that denial "without

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 9

explanation." *Dubin*, 125 F.R.D at 375. And because CHPRC does, in fact, deny that the attached documents constituted "report[s]," the compound nature of each Request is more than a matter of semantics or of CHPRC adopting an unnecessarily technical reading of the Requests. S*ee* ECF No. 241 at 8. As such, CHPRC's responses were not improper. *See* Fed. R. Civ. P. 36(a)(2).

E.   **Request for Admission No. 11**

Request for Admission No. 11 asked CHPRC to admit that an exhibit "is evidence of one of the types of records that demonstrates compliance with the requirements and goals of the Plateau Remediation Contract . . . Records Management Section required by FAR 52.219-9(d)(11)." ECF No. 235 at 22. CHPRC objected that the Request was compound, argumentative, and "irresolvabl[y] ambig[uous]." *Id.* at 22–23. While preserving those objections, CHPRC construed the Request as one for admission concerning the genuineness of the attached exhibit and admitted that the document was genuine. *Id*. at 23.

Plaintiff contends this response was inadequate. ECF No. 235 at 10. She argues the request dealt with "application of facts to law" because under "the SBA statutes, regulations, and Small Business Subcontracting Plan, CHPRC had an obligation to honestly report its compliance." *Id.* CHPRC contends that even in light of Plaintiff's *post hoc* explanation for the Request's meaning, it was "so vague and ambiguous in its entirety that CHPRC could not determine with any certainty what

[Plaintiff] was asking it to admit." ECF No. 241 at 9. Plaintiff did not address this Request in her reply brief. *See generally* ECF No. 245.

The Court agrees with CHPRC that Request for Admission No. 11 was too vague and ambiguous to permit a straightforward response. The Request sought admission that a document is "evidence of one of the types of records" used to demonstrate compliance with the "requirements and goals" of certain contract provisions. ECF No. 235 at 22–23. It is unclear whether Plaintiff sought admission that the attached exhibit could *itself* demonstrate compliance, was merely "evidence of" a document capable of doing so or, as CHPRC construed the Request, that the attached exhibit was simply genuine. *Id.* at 22. Furthermore, the phrase "requirements and goals" is also left undefined, setting aside the fact that it could be read to seek admission of at least two different matters. *Id.* In short, Request for Admission No. 11 is susceptible to multiple interpretations. CHPRC did not act improperly in construing it to seek admission of the genuineness of a document, and the Court declines to order an amended response.

**F.    Request for Admission No. 14**

Request for Admission No. 14 asked CHPRC to admit that an attached table, ostensibly containing certain quoted language, "represents the value of contracts awarded to Indian Eyes as a HUBZone Contractor, during the time that Indian Eyes was not a HUBZone contractor." ECF No. 235 at 24. As CHPRC correctly objected,

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 11

this Request seeks admission of at least two facts which may be of great significance to this litigation: (1) that the referenced dollar amount "represents the value" of the contracts CHPRC awarded to Indian Eyes, and (2) that CHPRC did this during the time when Indian Eyes "was not a HUBZone Contractor." *Id*; ECF No. 241 at 9–10. As above, the improperly compound nature of the Request prevented CHPRC from denying either of the propositions "without explanation," and the Court therefore declines to order amended responses. *See* Fed. R. Civ. P. 36(a)(2).

**G.    Plaintiff's Motion for Additional Requests for Admission**

Plaintiff also sought leave of the Court to propound an additional thirty requests for admission, in excess of the fifteen authorized by Local Civil Rule 36(c).[1] Plaintiff argues the additional requests are necessary to "streamlining this case and narrowing the issues." ECF No. 235 at 10. But as illustrated by the motion before the Court, Plaintiff's use of Requests for Admission has done anything but streamline the litigation. Accordingly, Plaintiff has not demonstrated good cause for additional requests for admission, and the motion is denied.

---

[1] In Reply, Plaintiff upped the ante, seeking an additional one hundred requests for admission because she "assumes that CHPRC will persist in its boilerplate objections that any requests that cause it discomfort are compound." ECF No. 245 at 3. Plaintiff also requested the Court deem admitted *all* matters included in the disputed Requests for Admission. *Id.* at 4. A moving party may not request new or additional relief for the first time in a reply brief. The Court has therefore ignored this request, and CHPRC's sur-reply request to strike that portion of the reply, ECF No. 247, is **GRANTED**.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 12

## H. Attorney Fees

When the Court rules on a motion to compel discovery, it must order an award of costs and attorney fees to the prevailing party unless the losing party's position was substantially justified or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)–(B). In this case, the Court cannot find that Plaintiff's positions were substantially justified, nor can the Court identify factors that would make an award of costs and fees unjust.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Compel, **ECF No. 235**, is **DENIED**.

2. Within **fourteen days** of the entry of this Order, Defendant CHPRC shall submit a memorandum of no more than seven pages setting out the costs and fees it incurred in briefing its response to Plaintiff's motion to compel.

    i. Within **fourteen days** of the filing of Defendant's memorandum regarding an award of costs and fees, Plaintiff shall submit a memorandum of no more than seven pages responding to the arguments set out in Defendant's memorandum.

    ii. Within **seven days** of the filing of Plaintiff's response, Defendant may submit a memorandum in reply of no more than

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 13

five pages.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL – 14