1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4

5

6

7

8

9

10

11

12

13

14

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, SALINA SAVAGE, *qui tam* as Realtor, and SAVAGE LOGISTICS LLC, *qui tam* as Relator,<br><br>                         Plaintiffs,<br><br>          v.<br><br>CH2M HILL PLATEAU REMEDIATION COMPANY, PHOENIX ENTERPRISES NORTHWEST LLC (PENW), PHOENIX-ABC A JOINT VENTURE, ACQUISITION BUSINESS CONSULTANTS, JONETTA EVERANO, JESSICA MORALES, AND DOES I-IX,<br><br>                         Defendants. | No.   4:14-cv-05002-SMJ<br><br>**ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT** |

15

16

17

18

19

20

The U.S. Department of Energy ("DOE") has the incredible task of cleaning up five decades worth of nuclear weapons waste, one of the largest nuclear cleanup efforts in the world. At the height of production, DOE's national weapons complex comprised 16 major facilities, including the Hanford Site—one of DOE's largest and most challenging cleanup projects.

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 1

Given the vast scope of remediation required at Hanford, the site not only presents substantial opportunity for business but also presents rife opportunity for abuse.

This case centers on a DOE contract awarding CH2M Hill Plateau Remediation Company ("CH2M") billions of dollars to continue the environmental cleanup of the Hanford Site. Relator Salina Savage and Savage Logistics, LLC (collectively, "Savage") brought this *qui tam* action against CH2M, among others, alleging False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*., violations. CH2M now moves for summary judgment. That motion is denied.

## BACKGROUND

In June 2008, DOE awarded CH2M with the Plateau Remediation Contract ("Contract"). ECF No. 410 at 3. Savage alleges CH2M obtained the Contract through submittal of a Small Business Subcontracting ("SBS") Plan, which provides, in part, that CH2M would award subcontracts meeting or exceeding socioeconomic goals that DOE specified. ECF No. 305 at 4. The parties entered the Contract to continue the environmental cleanup of the Hanford Site, a decommissioned nuclear production facility in Benton County, Washington. ECF No. 410 at 3. The performance period of the Contract began in October 2008 and continues through the date of this motion. *Id*. at 4. And the Contract encompasses several billion dollars. *Id*.

The Contract is a performance-based cost-plus-award fee contract. *Id*. at 5.

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 2

Under the Contract, CH2M receives payment from DOE in two ways: cost reimbursement and fee. *Id*. CH2M is reimbursed for its allowable incurred costs through a drawdown of funds. *Id*. at 6. It submits its incurred costs to DOE on a monthly basis. *Id*. The submittal and electronic backup documentation show and support the costs incurred by CH2M during the relevant period. *Id*. CH2M maintains backup costs records and DOE can review and audit CH2M's monthly costs. *Id*.

Savage sued CH2M and others, alleging False Claims Act violations under 31 U.S.C. § 3729(a)(1)(A), (B), (G). *See generally* ECF No. 305 (Fourth Amended Complaint).

The Fourth Amended Complaint details specific facts and claims against CH2M for falsely certifying compliance with the SBS Plan. *Id*. Savage alleges the SBS Plan incorporates by reference all the requirements of, among other things, the Federal Acquisition Regulations (FAR) 52.219-8 (May 2004) & FAR 52.219-9 (Sept. 2006), from the date of award to CH2M. *Id*. In the SBS Plan, CH2M included percentage goals for awarding subcontracting dollars, which in turn required awards for a certain percentage of its subcontracting dollars to businesses in specific size and socioeconomic program categories, as well as awards for a certain percentage of its subcontracting dollars allocated to small disadvantaged businesses, small women-owned businesses, and businesses in historically underutilized business

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 3

zones ("HUBZone"). *Id.*

Throughout Contract performance, CH2M has worked with many small businesses, some of which qualified for socioeconomic program statuses. *Id.* at 18. Savage alleges that CH2M submitted certified reports to DOE under its SBS Plan, claiming it made payments to various qualified HUBZone concerns, including Phoenix-ABC A Joint Venture ("PABC"), among others. *Id.* at 4. Among several other parties and claims, Savage alleges, CH2M knowingly misrepresented PABC's HUBZone status and knowingly awarded contracts to PABC even though it did not qualify as a HUBZone concern. *Id.* at 5.

Pending before the Court is CH2M's motion for summary judgment. ECF No. 312. CH2M argues Savage cannot establish that it submitted knowingly false claims or records, Savage cannot establish the essential element of materiality under the False Claims Act, and Savage's claims premised on a "reverse false claims" theory must fail because CH2M did not have to pay the government. *Id.* Savage responds in opposition to CH2M's motion and highlights its Fourth Amended Complaint alleges no cause of action under a "reverse false claims" theory. ECF No. 327; *see also* ECF No. 305. The United States filed a statement of interest in response to CH2M's motion. ECF No. 336. CH2M replied to both Savage, ECF No. 337, and the United States, ECF No. 362. The facts here are voluminous and mostly

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 4

wholly or partially disputed. *See generally* ECF Nos. 399, 403, 410.[1]

Having reviewed the briefing, declarations, revised statements of undisputed and disputed material facts, and relevant legal authority, the Court denies CH2M's motion for summary judgment. Genuine issues of material fact remain, given the extensive, disputed record in this case.

## STANDARD OF REVIEW

Courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could affect the suit's outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if a reasonable jury could find for the nonmoving party based on the undisputed evidence. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

---

[1] Savage twice failed to comply with the Local Civil Rules governing the required statements of undisputed and disputed material facts. *See* ECF Nos. 375, 390; *see also* ECF No. 412. While Savage once again did not wholly comply with the local rules, the Court nevertheless proceeds with deciding CH2M's motion.

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 5

Under Rule 56(c), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The court will consider only admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The court must take as true the nonmoving party's evidence and draw "all justifiable inferences" in the nonmoving party's favor. *Id.* at 255. That said, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

## DISCUSSION

Savage alleges CH2M is liable under the FCA in three ways. ECF No. 305 at 61–63. First, Savage alleges CH2M is liable for "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval." § 3729(a)(1)(A). Savage next contends CH2M is liable for "knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement material to a false or fraudulent claim." § 3729(a)(1)(B). Finally, Savage asserts CH2M is liable for "knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement material to an obligation to pay or transmit[ing] money or property to the

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 6

Government, or knowingly conceal[ing] or knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." § 3729(a)(1)(G).

Savage asserts two theories of liability: express and implied false certification. ECF No. 305 ¶¶ 7.34, 7.41, 7.45, 8.1 & 8.30; *see generally Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1995, 1999 (2016) (holding that the implied false certification theory can provide a basis for liability in certain circumstances); *see also U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1171 (9th Cir. 2006) (noting false certification can be either express or implied).

Under either theory, "the essential elements of False Claims Act liability remain the same: (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *Hendow*, 461 F.3d at 1174; *United States Ex Rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1020 (9th Cir. 2018), *cert. denied sub nom. Stephens Inst. v. U.S. ex rel. Rose*, 139 S. Ct. 1464 (2019) (holding that post-*Escobar*, "the four basic elements of a False Claims Act claim, set out in *Hendow*, remain valid."). The Act's materiality and scienter requirements are "rigorous." *Escobar*, 136 S. Ct. at 1996, 2002, 2004 n.6.

//

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 7

**A.    Falsity**

**1.    Express Certification**

Savage's Fourth Amended Complaint alleges CH2M sent requests and received payments while expressly claiming it complied with the SBS Plan and incorporated FARs. ECF No. 305 ¶¶ 7.34, 7.41 & 7.45. In its motion for summary judgment, CH2M argues Savage cannot prove any express certification. ECF No. 312 at 9–10. In its response briefing, Savage seemed to characterize this case as only an "Implied Certification Case." ECF No. 327 at 6. The Court clarified at the hearing that Savage still means to pursue both theories. *See* Tr. (Dec. 10, 2020).

An express false certification "'means that the entity seeking payment [falsely] certifies compliance with a law, rule or regulation as part of the process through which the claim for payment is submitted.'" *Rose*, 909 F.3d at 1017 (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). Put differently, "[e]xpress false certification involves an entity's representation of compliance with the law as part of the process for submitting a claim when it is actually not compliant." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 675–76 (9th Cir. 2018).

CH2M claims that the monthly provisional fee drawdown requests include no specific representations or express certifications on CH2M's compliance with its SBS Plan goals or the HUBZone or other small business status of any subcontractor.

ECF No. 410 at 14. CH2M claims it does not expressly represent to DOE that these monthly provisional fee drawdown requests certify (1) anything related to its small business subcontracting, (2) compliance with the SBS Plan, or (3) compliance with any related statutes or regulations. *Id*. at 15. CH2M also claims clause B.12 of the Contract specifies that the fee is conditioned on compliance with certain provisions—not including the SBS Plan or any related statutes or regulations, for example, "[t]he payment of the earned fee, profit, or share of cost savings under this contract is dependent upon" compliance with environmental, safety, health, and quality provisions and protection of classified information. *Id*. at 18.

Savage disputes these facts. *See id*. at 14–18. Savage counters that the factual statements, and the governing regulations in the Contract, provide otherwise. *Id*. The Contract includes FAR 52.219-9, which requires CH2M to have and to comply with the SBS Plan. *Id*. The Contract also includes FAR 52.232-12, providing one condition of payment to CH2M requires compliance with any material term in the Contract. *Id*. Savage thus disputes CH2M's assertion stating that requests for drawdowns lack any specific representation about the SBS Plan. *Id*. Savage maintains the Contract expressly contains a provision that requires CH2M to comply with all material Contract terms. *Id*.

"In an archetypal *qui tam* False Claims action," for example, when "a private company overcharges under a government contract, the claim for payment is itself

literally false or fraudulent." *Hendow*, 461 F.3d at 1170. Savage alleges that CH2M falsely overcharged DOE, for example, by certifying PABC as a HUBZone concern when PABC did not have HUBZone status. *See generally* ECF No. 305 ¶¶ 7.18–7.39. It supports that allegation with evidence, including an email from Mission Support Alliance (MSA), another Hanford contractor, which advised CH2M that it had found that PABC was not listed as a HUBZone concern; PABC Representations and Certifications (CH2M SP-16 Form) dated 8/11/2010, which was submitted to CH2M; and individual HUBZone transactions with PABC. *E.g.*, ECF No. 328-1, Ex. 12, 29 & 32.

Savage disputes CH2M's representations that it complies with all required statutory, regulatory, or contractual conditions when it submits a claim to DOE. Viewing the evidence in the light most favorable to Savage, a reasonable jury could find CH2M expressly certified PABC's HUBZone status when it submitted a claim for payment. Genuine issues of material fact therefore remain on Savage's theory of express false certification.

### 2.    Implied Certification

Savage alleges CH2M sent requests and received payments while impliedly certifying that it complied with the SBS Plan and incorporated FARs. ECF No. 305 ¶¶ 7.34, 7.41, 7.45, 8.1 & 8.30. CH2M argues Savage cannot prove any implied certification. ECF No. 312 at 10–12.

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 10

An implied false certification "occurs when an entity has *previously* undertaken to expressly comply with a law, rule, or regulation [but does not], and that obligation is implicated by submitting a claim for payment even though a certification of compliance is not required in the process of submitting the claim." *Id.* (emphasis in original) (quoting *Ebeid*, 616 F.3d at 998).

The Supreme Court has clarified that "the implied certification theory can be a basis for liability, at least where two conditions are satisfied: first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Id*. at 2001; *see also Rose*, 909 F.3d at 1018 ("Relators must satisfy *Escobar*'s two conditions to prove falsity, unless and until our court, *en banc*, interprets *Escobar* differently.").

In *Rose*, for example, the Ninth Circuit applied *Escobar*'s two conditions to prove falsity under an implied certification theory. 909 F.3d at 1018. There, an art school specifically represented—on Federal Stafford Loan School Certification forms—that students applying for federal financial aid were eligible borrowers and accepted for enrollment in an eligible program. *Id*. The court determined a trier of fact could consider those representations as "misleading half-truths," because the university failed to disclose its noncompliance with the incentive compensation ban.

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 11

1  *Id*. The court held that evidence sufficed to create a genuine issue of material fact,

2  thus precluding summary judgment. *Id*.

3      Savage alleges CH2M made specific representations about the services

4  provided while also failing to comply with statutory, regulatory, or contractual

5  requirements. *See, e.g.*, ECF No. 305 ¶¶ 9.2–9.12 (HUBZone false claims); ¶ 9.13

6  (PABC's false invoices to CH2M); ¶¶ 9.16–9.20 (CH2M false reporting to DOE);

7  ¶¶ 9.21–9.22 (false claims from CH2M to the DOE in monthly invoices); ¶¶ 9.23-

8  9.28 (false claims for fee determination and payment). CH2M disputes these

9  allegations on summary judgment.

10      For example, CH2M states the following material facts are undisputed:

11  CH2M's "requests for cost reimbursement and the relevant electronic backup

12  documentation do not contain any certifications or representations regarding

13  [CH2M's] compliance with its small business subcontracting plan ("SBS Plan"),

14  discussed further herein, or the small business or socioeconomic program status of

15  any of [CH2M's] subcontractors." ECF No. 405 at 7. And "PABC submitted a

16  vendor registration form for asset suite/passport as well as signed representations

17  and certification that indicated it was a HUBZone entity, and CH2M relied on this

18  information in determining whether PABC should be counted as a HUBZone

19  business." ECF No. 410 at 55. Yet Savage disputes these facts and supports its

20  allegations with a declaration and exhibits. *See id*.

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY,
LLC'S MOTION FOR SUMMARY JUDGMENT – 12

1    Under *Rose*, a reasonable trier of fact could find CH2M's actions meet

2   Escobar's falsity requirements. *See* 909 F.3d at 1018. Because CH2M allegedly

3   failed to disclose its noncompliance with statutory, regulatory, or contractual

4   requirements, its representations about various parties' HUBZone status, for

5   example, could be considered "misleading half-truths." *Id*. This Court concludes

6   the evidence presented suffices to create a genuine issue of material fact thus

7   precluding summary judgment on Savage's theory of implied false certification.

8   **B.    Scienter**

9    Savage alleges that CH2M had the requisite scienter. *See* ECF No. 305 ¶¶

10  1.11, 1.13, 7.14, 7.27, 7.30, 9.2, 9.5. 9.20, 9.21, 9.22. CH2M contends, on summary

11  judgment, Savage has cited facts insufficient to show that it knowingly submitted

12  false claims or records. ECF No. 312 at 5.

13   The Act defines "knowing" and "knowingly" to mean a person has (1) "actual

14  knowledge of the information," (2) "acts in deliberate ignorance of the truth or

15  falsity of the information," or (3) "acts in reckless disregard of the truth or falsity

16  of the information." § 3729(b)(1)(A). This scienter element "require[s] no proof of

17  specific intent to defraud." § 3729(b)(1)(B). "So long as the statement in question

18  is knowingly false when made, it matters not whether it is a certification, assertion,

19  statement, or secret handshake; False Claims liability can attach." *Hendow*, 461

20  F.3d at 1172. That said, "[i]nnocent mistakes, mere negligent misrepresentations

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY,
LLC'S MOTION FOR SUMMARY JUDGMENT – 13

and differences in interpretations" do not amount to knowingly false statements. *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996).

In defining the Act's scienter elements, "Congress attempted 'to reach what has become known as the ostrich type situation where an individual has buried his head in the sand and failed to make simple inquiries which would alert him that false claims are being submitted.'" *United States v. Bourseau*, 531 F.3d 1159, 1168 (9th Cir. 2008) (internal quotation marks omitted) (quoting S.Rep. No. 99–345 at 21 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 5266, 5286). "Congress adopted 'the concept that individuals and contractors receiving public funds have some duty to make a limited inquiry so as to be reasonably certain they are entitled to the money they seek.'" *Id.* (quoting S.Rep. No. 99–345 at 20).

The deposition testimony excerpts provided by Savage suggest that CH2M failed to make simple inquiries into the HUBZone status of certain companies that apparently no longer qualified as HUBZone concerns; the Contract and SBS Plan required CH2M to make such inquiries; CH2M failed to make such inquires; yet, at the same time, certified to DOE that met and exceeded its SBS Plan goals. *E.g.*, ECF No. 328-1 at 28, 33, 38–39, 40–41, 43, 48, 52, 62, 65–66, 71–73. Emails between James R. Damskov of MSA and Mike Taylor of CH2M show that MSA had determined and communicated to CH2M that it had discovered PABC was not a HUBZone concern. ECF No. 328-1, Ex. 12.

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 14

Viewing the evidence in a light most favorable to Savage, a question of fact remains whether CH2M submitted these claims with knowledge, with deliberate ignorance, or with reckless disregard.

## C.    Materiality

CH2M argues Savage has failed to present a genuine issue of fact establishing the materiality factor. ECF No. 312 at 14–25. Savage counters in opposition. ECF No. 327 at 15–22.

The Act defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). The materiality requirement "'look[s] to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation.'" *Id.* (quoting 26 R. Lord, Williston on Contracts § 69:12, p. 549 (4th ed. 2003)). And it "descends from 'common-law antecedents.'" *Escobar*, 136 S. Ct. at 2002 (quoting *Kungys v. United States*, 485 U.S. 759, 769 (1988)).

Tort and contract law, for example, define materiality similarly. *Id.* at 2002–03. "In tort law, . . . a matter is material in only two circumstances: (1) [if] a reasonable man would attach importance to [it] in determining his choice of action in the transaction; or (2) if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action," even though a reasonable person would not." *Id.*

1  (internal quotation marks omitted) (quoting Restatement (Second) of Torts § 538,

2  at 80). In contract law, "a misrepresentation is material only if it would likely . . .

3  induce a reasonable person to manifest his assent, or the defendant knows that for

4  some special reason [the representation] is likely to induce the particular recipient

5  to manifest his assent to the transaction)." *Id.* at 2003 (internal quotation marks

6  omitted) (quoting Restatement (Second) of Contracts § 162(2), and Comment *c,* pp.

7  439, 441 (1979)).

8      While the materiality element is "demanding," no bright-line test exists.

9  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1213 (9th Cir. 2019) (quoting

10 *Escobar*, 136 S. Ct. at 2003). Instead, the Supreme Court has given a list of relevant,

11 non-dispositive factors to determine whether the alleged false claims have the

12 requisite materiality, including whether the government decided "to expressly

13 identify a provision as a condition of payment." *Escobar*, 136 S. Ct. at 2003. Other

14 factors bearing on materiality "can include . . . evidence that the defendant knows

15 that the Government consistently refuses to pay claims in the mine run of cases

16 based on noncompliance with the particular statutory, regulatory, or contractual

17 requirement." *Id.* On the other hand, "if the Government pays a particular claim in

18 full despite its actual knowledge that certain requirements were violated, that is very

19 strong evidence that those requirements are not material." *Id.* "Or, if the

20 Government regularly pays a particular type of claim in full despite actual

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY,
LLC'S MOTION FOR SUMMARY JUDGMENT – 16

knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." *Id*. at 2003–04. "Materiality, in addition, cannot be found where noncompliance is minor or insubstantial." *Id*. at 2003.

### 1.    Explicit Designation as a Condition of Payment

The Court must first determine whether the Contract at issue designated compliance as an express condition of payment. *Rose*, 909 F.3d at 1020-21. Here, materiality stems from two factors. First, several statutory, regulatory, and contractual conditions explicitly designate compliance as a material condition of payment under the Contract, SBS Plan, and applicable FARs. *See, e.g.*, 48 C.F.R. § 52.219-9; 15 U.S.C. § 637(d)(9). CH2M argues even though the Contract explicitly designated these requirements as material, that does not make it material to payment. But the Ninth Circuit rejected this distinction. *See Rose*, 909 F.3d at 1020 n.6 (citing *University of Phoenix*, 461 F.3d at 1176) (rejecting defendant's attempt to distinguish between a condition of participation in a government program and a condition of payment under that program). While not dispositive, this factor weighs heavily in favor of materiality. *See Rose*, 909 F.3d at 1020 (explicit designation as a material condition of payment is "certainly probative evidence of materiality").

### 2.    Evidence of Prior Governmental Action When Government Has Actual Knowledge of Non-Compliance

*Escobar* next requires examination of three types of governmental actions

that bear on materiality.

The first inquiry on past government action involves whether there is "evidence that the [CH2M] knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance," because such a showing can help establish that the requirement was material. *See Rose*, 909 F.3d at 1021 (citation omitted). No evidence like this exists here, so that inquiry does not factor into the analysis. *See id.*

Second, the Court must address whether DOE paid "a particular claim in full despite its actual knowledge that" CH2M allegedly violated the SBS Plan requirements, because that would provide "strong evidence that those requirements are not material." *See Escobar*, 136 S. Ct. at 2003; *Rose*, 909 F.3d at 1021.

CH2M argues there is "very strong evidence" that any SBS Plan noncompliance related to PABC's HUBZone status was not material to DOE's decisions to pay its claims. ECF No. 312 at 15. CH2M argues DOE has had actual knowledge of the misrepresentations Savage alleges for years and has not imposed any fee reduction or otherwise reduced payment to CH2M. *Id.* at 16.

Savage argues that the Audit Report DOE-OIG-20-51, published by DOE Office of Inspector General in July 2020, shows CH2M had not met its small business goals. ECF No. 327 at 20; ECF No. 328-1, Ex. 11. Savage argues this "information establishes, as a matter of fact, that the DOE did not have knowledge

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 18

of [CH2M's] fraud because [CH2M's] reporting did not identify individual transactions with sufficient detail and DOE did not, as the audit found, do an in depth, risk based review of [CH2M's] reporting." *Id*. The Court finds this audit report creates a sufficient issue of material fact about whether DOE paid claims with actual knowledge of the scope of CH2M's alleged fraudulent reporting.

Third, the Court reviews whether the evidence shows the government "regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." *Escobar*, 136 S. Ct. at 2003–04; *Rose.*, 909 F.3d at 1021.

CH2M argues DOE has never imposed a fee reduction penalty or liquidated damages against CH2M, or any other Hanford contractor, for failure to meet SBS Plan goals. ECF No. 312 at 22–23. Savage counters that CH2M has provided no evidence that the DOE had actual knowledge that CH2M made false certifications. ECF No. 327 at 22. Review of Savage's declaration and exhibits reveals that there is a genuine dispute on whether DOE had actual knowledge that CH2M violated certain reporting requirements, and regularly paid those claims in full despite that alleged knowledge.

### 3.    Magnitude of the Violation

The final factor the Court must address involves the magnitude of the

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 19

violation. *See Rose*, 909 F.3d at 1022.

*Escobar* emphasized that when noncompliance is "minor or insubstantial," materiality does not exist. 136 S. Ct. at 2003 n.5 (also reviewing whether the alleged violation goes to the "essence of the bargain"). In *Rose*, the court noted, "[f]or instance, were a school to offer admissions representatives cups of coffee or $10 gift cards for recruiting higher numbers of students, there would be no viable claim under the False Claims Act." 909 F.3d at 1022. "Under Defendant's 2006–2008 compensation scheme, admissions representatives stood to gain as much as $30,000 and a trip to Hawaii simply by hitting their enrollment goals. And under Defendant's 2009–2010 scorecard compensation scheme, representatives' salaries could be adjusted by as much as $23,000 for meeting their enrollment goals." *Id*. The court concluded that compensation scheme had sufficient magnitude. *See id*.

CH2M claims that the PABC subcontract value in its HUBZone statistics was not material to payment because of the relatively small amount involved. ECF No. 312 at 28-29. But CH2M improperly compares PABC's specific award against the total amount of money allocated for subcontracting. *See id*. It argues, PABC's award, by itself, would not have made a difference to DOE when assessing CH2M's compliance with the SBS Plan's percentage goals. *Id*. Yet this argument does not correctly capture the problem here. The alleged violation at issue does not involve the fact that CH2M missed its HUBZone percentage goal; it involves the alleged

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 20

fact that CH2M knowingly failed to carry out its SBS Plan in good faith and falsified its SBS reports by allegedly misrepresenting PABC's HUBZone status. The SBS Plan requirement was not "minor or insubstantial," it was explicitly designated as a "material" requirement of the Contract. Any individual subcontract award will inherently comprise only a small fraction of a multi-billion-dollar government contract, but that does not change the fact that the SBS Plan requirements also formed an essential part of the bargain.

In one deposition excerpt, for example, Savage asked DOE's Jenise Connerly: "would you agree that 21.1 million reversal of HUBZone credits material affects the subcontracting percentages for HUBZone?" ECF No. 328-1 at 40. Connerly answered: "The report indicates that the change moved their achievement percentage from 2.53 percent down to 1.51 percent . . . without stating an opinion quantitatively, the different between 2.53 percent and 1.31 percent is a full percent. Since the goal is 2.5 percent, one percent difference is more than 30 percent." ECF No. 328-1 at 41.

This Court concludes a genuine issue of material fact exists regarding the magnitude of the violation sufficient to overcome CH2M's motion for summary judgment.

**D.    Payment of Claims**

Finally, "for a false statement or course of action to be actionable under the

false certification theory of false claims liability, it is necessary that it involve an actual *claim." Hendow*, 461 F.3d at 1173. A "'claim' means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that is presented to an officer, employee, or agent of the United States,"  among other things. *See generally* § 3729(b)(2); *see also Hendow*, 461 F.3d at 1170 ("[A] claim arises whenever the government is asked to 'pay out money or to forfeit moneys due.'") (citation omitted). At the hearing, the parties agreed that CH2M did not raise this element as part of its motion for summary judgment. Tr. (Dec. 10, 2020). Given the parties' agreement, the Court declines to address this issue at this time.

## CONCLUSION

"[T]he False Claims Act is 'intended to reach all types of fraud, without qualification, that might result in financial loss to the Government.'" *Hendow*, 461 F.3d at 1170 (quoting *United States v. Neifert–White Co.*, 390 U.S. 228, 232 (1968)). The Court declines to explicitly address all one-hundred-and-three undisputed, partially disputed, and wholly disputed facts the parties have thus far identified in this case. *See generally* ECF No. 410. Suffice it to say, viewing the evidence in the light most favorable to Savage, genuine issues of material fact exist on each disputed element of Savage's FCA claim.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant CH2M Hill Plateau Remediation Company, LLC's Motion for Summary Judgment, **ECF No. 312**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of December 2020.


_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING CH2M HILL PLATEAU REMEDIATION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT – 23